# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:17-cv-05362-VBF-KES Date: January 15, 2019

Title: Eric Bloss v. Patton State Hospital, et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **Order Dismissing Complaint (Dkt. 1) with Leave to Amend.**

On May 27, 2017, Eric Bloss ("Plaintiff"), an inmate in the custody of California, constructively filed a civil rights complaint under 28 U.S.C. § 1983 against Defendants Racquel Hanson and Patton State Hospital. (Dkt. 1 [signature date].)

Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity." The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it fails to state a claim upon which relief can be granted against either of the Defendants. Plaintiff's Complaint is therefore DISMISSED WITHOUT PREJUDICE.

## I. STANDARD OF REVIEW.

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).

Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the liberal pleading standard only applies to a plaintiff's factual allegations. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

With respect to a plaintiff's pleading burden, the Supreme Court has held: "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …. Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation and quotation marks omitted).

If the Court finds that a complaint should be dismissed for failure to state a claim, then the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.　　ANALYSIS.

### A.　　**Allegations of the Complaint.**

Plaintiff alleges that Defendants Patton State Hospital (the "Hospital") and Hospital Unit Supervisor Racquel Hanson violated Plaintiff's First Amendment rights by infringing on his right to free speech and his right to access the courts. (Dkt. 1 at 3.) Plaintiff alleges that he arrived at the Hospital from Los Angeles County Jail on September 9, 2016, and Plaintiff's property was taken. (Id. at 5.) Plaintiff informed Hospital staff that he needed access to his legal documents. (Id.) Plaintiff had a September 16, 2016 deadline to submit a filing related to his petition for writ of habeas corpus. (Id.)

Later that day, staff restrained Plaintiff and injected him with "an unknown substance," and "their excuse [for the injection] was high blood pressure." (Id.) An unknown staff member told Plaintiff that he would receive another injection if he did not stop talking. (Id.) Plaintiff requested the staff member's name and was told, "we'll tell you later." (Id.) Plaintiff never

learned the name of this staff member. (Id.)

From September 9, 2016, to September 16, 2016, Plaintiff sought to recover his legal papers. (Id.) Plaintiff alleges that, before his transfer to the Hospital, he had nearly completed a filing related to his habeas petition, writing twenty-one pages. (Id.) Defendant Hanson provided Plaintiff with a portion of his legal papers, which did not include the needed habeas filing. (Id.) Plaintiff allegedly explained his "right and need to legal paperwork," but Defendant Hanson refused to supply the remainder of the legal papers. (Id.) Plaintiff alleges that this caused his "legal work to be rejected when it would've been accepted if it hadn't been taken from me." (Id.) Plaintiff speculates that his legal work might have been destroyed. (Id.)

Plaintiff requests relief in the form of "punitive damage compensation … in the sum of at least $30,000.00 and the amount fair and just to damages received." (Id. at 6.) Additionally, Plaintiff requests the following: (1) a booklet setting forth the Court's legal rules and procedures;[1] (2) service of process by the United States Marshal;[2] (3) appointment of counsel; (4) trial by jury; and (5) a scheduling outline setting forth the course of litigation.[3] (Id.)

### 1. Claim Against Patton State Hospital.

Plaintiff alleges that the Hospital violated his First Amendment rights because it is allegedly "responsible for employee that refused to identify themselves that threatened physical force if I didn't stop talking and destroying legal work sensitive to deadlines." (Id. at 3.)

The Hospital is operated by the California Department of State Hospitals, an agency of the State of California. The Eleventh Amendment precludes a suit for money damages in federal court against a state, its agencies, and state officials acting in their official capacities. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (suits in which a state or one of its agencies or departments is named as defendant are proscribed by the Eleventh Amendment); Shaw v. California, 788 F.2d 600, 603 (9th Cir. 1986) ("a suit against a state agency is considered to be a suit against the state, and thus is barred by the Eleventh Amendment."). Because the Hospital is operated by a state agency, the Eleventh Amendment precludes Plaintiff's claim against the Hospital for money damages.

Plaintiff appears to have named the Hospital as a Defendant because he does not know the identity of the staff member who allegedly restrained and threatened him. If Plaintiff chooses to amend his Complaint, then Plaintiff may name this staff member as "John Doe" or "Jane

---

[1] The Court's procedures are available online. The Federal Rules of Civil Procedure are available online at: https://www.federalrulesofcivilprocedure.org/frcp. The Local Civil Rules are available online at: https://www.cacd.uscourts.gov/court-procedures/localrules.

[2] After the Court determines pursuant to 28 U.S.C. § 1915A(a) that Plaintiff has stated a claim, the Court will direct the United States Marshal to serve Defendants with process.

[3] The Court will issue a scheduling order at a later stage of this litigation.

Doe," and attempt to plead facts that state a claim against him or her. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (where the plaintiff does not know the identity of a defendant, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

If Plaintiff chooses to name this staff member as a defendant, then Plaintiff should clarify whether his claim arises under the First Amendment, Fourteenth Amendment (for the unwanted injection), or both. See Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights intelligently.") (citations omitted). If Plaintiff alleges that this staff member violated his First Amendment rights, then Plaintiff should clarify whether this claim is predicated upon infringement of his right to free speech or his right to access the courts, or both. Plaintiff should include sufficient factual allegations to support the legal theory set forth. The factual allegations necessary to state a claim for violation of Plaintiff' right to access the courts are discussed below.

### 2.     Claim Against Racquel Hanson.

Plaintiff sues Racquel Hanson in her individual capacity for "refusing to provide legal work sensitive to deadlines and letting it expire and not be filed." (Dkt. 1 at 3.) Plaintiff claims his right to access the courts, as guaranteed by the First Amendment, has been violated.[4] (Id. at 5.)

Prisoners have a constitutional right to access the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). To establish a violation of the right to access the courts, a prisoner must establish that he or she has suffered an actual injury—a jurisdictional requirement. Id. at 349-52. The following frustrated legal claims can constitute an actual injury: (1) direct appeals from convictions of incarceration, (2) habeas petitions, and (3) civil rights actions under 42 U.S.C. § 1983. Id. at 354-55. Delays in providing legal materials that result in injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Id. at 361-62.

Moreover, the right to access the courts is only a right to bring complaints to court—not

---

[4] It is unclear whether Plaintiff intended to bring a separate claim for infringement of his right to free speech against Defendant Hanson. Because Plaintiff does not set forth the factual basis of a separate free speech infringement claim against Defendant Hanson, the Court evaluates the Complaint as only alleging that Defendant Hanson violated his right to access the courts. If Plaintiff intended to bring a separate claim for free speech infringement, then Plaintiff should clearly set forth the factual basis of this claim in any amended pleading Plaintiff chooses to file.

to discover claims or litigate them effectively once filed. Id. at 354; Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."); Bounds v. Smith, 430 U.S. 817, 828 n.17 (1977) ("our main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' …."), limited on other grounds by Lewis, 515 U.S. at 354-55.

When a prisoner asserts a claim for past frustration of the right to access the courts (i.e., a lost opportunity to file), the prisoner must identify a "nonfrivolous" or "arguable" underlying claim in his or her complaint. Christopher v. Harbury, 536 U.S. 403, 415 (2002).

> It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim … looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.

Id.

Here, Plaintiff fails to state a claim upon which relief can be granted because he provides insufficient facts. To attempt to state a claim for violation of his right to access the courts, Plaintiff should amend his Complaint to include the following facts: (1) a description of the habeas proceedings at issue in the complaint (i.e., whether in state or federal court, or on appeal); (2) the nature of the habeas filing at issue in the Complaint (i.e., whether this filing was Plaintiff's habeas petition, or some incidental filing); (3) the legal argument underlying the filing; (4) the remedy sought through the filing; and (5) the repercussions of missing the deadline (i.e., if Plaintiff can no longer file a habeas petition, or if he encountered some other type of prejudice). Plaintiff is encouraged to provide the court and case number of these habeas proceedings, if known.

### B.     Request for Appointment of Counsel.

There is no constitutional right to counsel in civil rights cases. United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e), the Court "may request an attorney to represent any person unable to afford counsel." However, § 1915(e) does not authorize federal courts to force an attorney to represent someone without compensation. Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 310 (1989); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). Nor does § 1915(e) authorize expending public funds to pay counsel appointed under that statute. See 30.64 Acres of Land, 795 F.2d at 801; see also United States v. MacCollom, 426 U.S. 317, 321 (1976) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]").

"The decision to appoint such counsel [under § 1915(e)] is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances … requires at least [1] an evaluation of the likelihood of the plaintiff's success on the merits and [2] an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted). "Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." Id.

At this time, the Court finds that the exceptional circumstances necessary to grant Plaintiff's request do not appear to exist. Because the Court has found that Plaintiff fails to state a claim entitling him to relief, the Court cannot conclude that Plaintiff is likely to succeed on the merits. Additionally, the legal basis of Plaintiff's claims has not been fully set forth, so the Court cannot conclude that issues are particularly complex. Moreover, Plaintiff has another case pending before this Court (2:16-cv-01425). In that case, Plaintiff has been able to adequately communicate with the Court and respond to deadlines and orders; also, Plaintiff was able to amend his pleadings to address the identified deficiencies and state a claim entitling him to relief. The Court expects Plaintiff to represent himself adequately in this lawsuit as well.

The Court acknowledges that, as described in this Complaint, Plaintiff was temporarily held at Patton State Hospital.[5] In Plaintiff's other case pending before this Court, the Court conducted an inquiry into Plaintiff's competency pursuant to Federal Rule of Civil Procedure 17(c) and, based on documents provided by Plaintiff's public defender, found, "there is not substantial evidence of mental incompetency at this time. Rather, Patton State Hospital certified that Plaintiff is competent to stand trial as of January 31, 2017." (See 2:16-cv-01425, Dkts. 52, 59.) Accordingly, the Court concluded that it "has received no indication that Plaintiff will be unable to continue adequately representing himself in this lawsuit." (Id.) Likewise, the Court has no reason to doubt Plaintiff's competency to represent himself as this time.

Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice.[6]

---

[5] Patton State Hospital is a forensic psychiatric hospital housing individuals found incompetent to stand trial, mentally disordered offenders, those involuntarily civilly committed, and those found not guilty by reason of insanity. See http://www.dsh.ca.gov/Patton/.

[6] Plaintiff is advised that, if the case eventually becomes ready for trial, the Court will, if the District Judge so directs, refer the matter to the Central District of California's volunteer pro

### III.     CONCLUSION.

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before February 13, 2019**, Plaintiff shall (a) file a First Amended Complaint that attempts to remedy the defects described above, or (b) re-file the Complaint.

If Plaintiff chooses to file a First Amended Complaint, then it should bear the docket number assigned to this case (2:17-cv-05362-VBF-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

If Plaintiff chooses to simply re-file the Complaint without making material changes, the Magistrate Judge may recommend that the District Judge dismiss the Complaint with prejudice and without leave to amend.

**<u>If Plaintiff fails to timely respond to this order by filing a First Amended Complaint or re-filing the Complaint, this action may be dismissed for lack of diligent prosecution.</u>**

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints.

                                                                                  Initials of Deputy Clerk <u>JD</u>

---

bono program, with a request that the administrator ascertain whether any of the counsel who have volunteered their services to that program would be willing to represent Plaintiff. Also, Plaintiff's friends or family may wish to contact their county bar association for a referral to a lawyer willing to represent Plaintiff for a contingent fee.