JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BLOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>PATTON STATE HOSPITAL, et al.,<br><br>        Defendants. | Case No. 2:17-cv-05362-VBF-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

**I.**

**BACKGROUND.**

On May 27, 2017, pro se Plaintiff Eric Jeffrey Bloss ("Plaintiff") constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Patton State Hospital and unit supervisor, Raquel Hansen. (Dkt. 1.) Plaintiff requested to proceed in forma pauperis ("IFP"). (Dkt. 2.) On July 24, 2017, the Court docketed a letter from Plaintiff updating his current address (Dkts. 3, 4); the updated address appeared to indicate that he had been released from custody. In response, the Court ordered: "Plaintiff is ordered to file a status report explaining

1

whether he has been permanently released from custody, and if so, the date on which he was released." (Dkt. 6.) Plaintiff indicated that that he had filed the action while in custody but had subsequently been released from custody on June 30, 2017. (Dkt. 7.) On September 15, 2017, the Court entered an order denying Plaintiff's request to proceed IFP and ordering Plaintiff to submit additional documents within thirty days. (Dkt. 9.) Plaintiff did not timely respond.

On October 24, 2017, after expiration of the deadline, the Court entered an order denying the IFP request and dismissing Plaintiff's action without prejudice. (Dkt. 10.) On October 25, 2017, one day after entry of the dismissal order, the Court received from Plaintiff an undated letter advising of an updated address based on Plaintiff's September 30, 2017 arrest. (Dkt. 11.) The Court <u>sua sponte</u> vacated its dismissal order and ordered Plaintiff to submit the documentation on or before November 30, 2017. (Dkt. 12.) Plaintiff failed to timely respond. On December 21, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed (Dkt. 13), extending the deadline in light of a letters received from Plaintiff. (Dkts. 14, 15, 17, 18.) In June 2018, the Court granted Plaintiff's request to proceed IFP (Dkts. 21, 22), but the action stalled because Plaintiff refused to pay the initial filing fee. (Dkts. 23, 24, 25.)

On December 10, 2018, the Court docketed a completed G-80 form, which would register Plaintiff to receive a CM/ECF login and password to electronically receive documents after his release from custody. (Dkt. 27.) In Plaintiff's other action pending before this Court, the Court had authorized Plaintiff to register to electronically receive documents upon his release.[1] The Court instructed as

---

[1] In Plaintiff's other action, the Court instructed as follows: "Plaintiff is directed to notify the Court upon his release from custody. At that time, Plaintiff may receive electronically all documents filed in this action. Upon his release, Plaintiff should complete the form attached to this order and E-mail the form to the Court, as the form instructs. Thereafter, Plaintiff will receive all documents filed in this action via E-mail. Plaintiff, however, is not granted permission to file his

2

follows: "In Plaintiff's other civil action, the Court already granted Plaintiff's request to receive electronically all documents filed in both of his actions upon his release from custody. (2:16-cv-01425, Dkt. 101.) Upon release, Plaintiff is not granted permission to electronically file documents—only to electronically receive documents. Because he is still in custody, Plaintiff submitted the 'Request for CM/ECF Login and Password' form prematurely." (Dkt. 28.)

On January 15, 2019, the Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), dismissing it with leave to amend on or before February 13, 2019. (Dkt. 29.) The Court instructed: "If Plaintiff fails to timely respond to this order by filing a First Amended Complaint or re-filing the Complaint, this action may be dismissed for lack of diligent prosecution." (Id. at 7.) Plaintiff requested an extension of time (Dkt. 31), and the Court granted Plaintiff until March 22, 2019. (Dkt. 32.)

On March 4, 2019, the Court's order granting an extension of time (id.) was returned as undeliverable. (Dkt. 34.) Per the Los Angeles County Sheriff's Department's Inmate Information Center, Plaintiff was released from custody on February 15, 2019; he had not notified the Court of his release. On March 8, 2019, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with Local Rule 41-6, which requires Plaintiff to keep the Court apprised of his address. (Dkt. 33.) The Court ordered Plaintiff to discharge the Order on or before March 21, 2019, or "the Court may

---

documents electronically and must continue to submit his filings by U.S. mail. Because he will not receive service by regular mail, Plaintiff will be required to check his E-mails regularly." (2:16-cv-01425, Dkt. 101.) The Court provided Plaintiff with Form G-80, which allows pro se litigants to register for electronic service. (Id. at 3.) (This is the form Plaintiff prematurely submitted in the instant action, Dkt. 27.) The Court reiterated these instructions several times, and also directed Plaintiff to make an appointment to visit the pro se clinic upon his release from custody. (2:16-cv-0142, Dkts. 103, 109.)

3

recommend that this action be dismissed for failure to prosecute." (Id.) Plaintiff failed to do so.

## II.
## DISCUSSION.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1. Local Rule 41-6 provides:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

L.R. 41-6. In this case, Plaintiff's deadlines have expired (to file an amended complaint and to discharge the Order to Show Cause), Plaintiff has failed to notify the Court of his release from custody on February 15, 2019 (although he has been repeatedly ordered to do so), and mail directed to Plaintiff was returned as undeliverable on March 4, 2019, in violation of Local Rule 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability

of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Plaintiff's action based on failure to prosecute this case. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Plaintiff's "noncompliance has caused the action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted). Plaintiff has neglected his obligation to keep the Court apprised of his address and has made no effort to prosecute either of his actions pending before this Court since his release from custody—despite explicit instructions to notify the Court upon his release and to prosecute this action through electronic receipt of documents. Plaintiff's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. It is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

The third factor—prejudice to Defendant—supports dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal.

As explained above, the Court instructed Plaintiff multiple times that he must notify the Court upon his release from custody; Plaintiff has been able to do this upon his prior release from custody and is thus aware of this obligation. The Court also authorized electronic receipt of documents and instructed Plaintiff multiple times on how to register. Nevertheless, Plaintiff has failed to notify the Court of his release or make any other efforts to prosecute this action or his other action pending before this Court. Plaintiff has effectively abandoned his actions. Under these circumstances, the Court is unable to impose a lesser effective sanction.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

Because four of five enumerated factors support dismissal, this action is dismissed pursuant to Rule 41(b), Local Rule 41-1, and Local Rule 41-6. Local Rule 41-2 provides, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." L.R. 41-2; see also Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here). In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action shall be dismissed in its entirety without prejudice.

# III.
# CONCLUSION.

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE.

Dated: March 26, 2019

*Valerie Baker Fairbank*
_____

VALERIE BAKER FAIRBANK
Senior United States District Judge